IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| TERRANCE DEAN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | No. 5:12-CV-120 (CAR) |
| DARREN J. DOUGLAS, WILLIE | : | |
| REDDEN, CHRISTOPHER HALL, | : | |
| RONALD LACH, KERRY BOLDEN, | : | |
| DELTON RUSHIN, DERRICK | : | |
| WIMBUSH, DEPUTY WARDEN | : | |
| JAMES HINTON, CAPTAIN KEVIN | : | |
| DAVIS, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

ORDER ON DEFENDANTS' MOTION TO STAY,
THE GOVERNMENT'S MOTION TO INTERVENE, AND
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Before the Court are Defendants Darren Douglas, Christopher Hall, Ronald

Lach, Kerry Bolden, Delton Rushin, Derrick Wimbush, James Hinton, and Kevin

Davis'[1] ("Defendants") Motion to Stay Proceedings [Doc. 42], the Government's

Motion to Intervene and Stay the Civil Case and Discovery [Doc. 73], and Plaintiff

Terrance Dean's Motion for Partial Summary Judgment [Doc. 67].  Having considered

---

[1] On December 6, 2012, Defendants Hinton and Davis filed a Notice of Joining Defendants' Motion to Stay.  Therein, Defendants informed the Court they were subpoenaed in September of 2012, to testify before the grand jury in November of 2012.  Plaintiff promptly filed an objection to these facts and requested that such facts be verified.  Because of Plaintiff's opposition to the veracity of this evidence, the Court will not consider Defendants' evidence in its instant determination.

the instant Motions, the various responses and replies thereto, and the argument of

counsel at the December 4, 2012 hearing on the matters,[2] the Court concludes that the

interests of justice require a limited stay of this proceeding for a duration of 120 days

from the date of this Order.  Accordingly, Defendants' Motion to Stay is **GRANTED**

**in part and DENIED in part**, the Government's Motion to Intervene is **DENIED**, and

Plaintiff's Motion for Partial Summary Judgment is **DENIED without prejudice**.

<u>**BACKGROUND**</u>

Plaintiff Terrance Dean filed the instant civil rights action on April 2, 2012,

alleging (1) a violation of his Eighth and Fourteenth Amendment rights against

Defendants Hall, Douglas, Redden, Lach, Bolden, Rushin, and Wimbush; (2)

supervisory liability against Defendants Hall, Hinton, and Davis; and (3) civil

conspiracy against Defendants Hall, Douglas, Redden, Lach, Bolden, Rushin, and

Wimbush.

The facts alleged in the complaint are as follows.  On December 16, 2010,

Plaintiff, while an inmate at Macon State Prison ("MSP"), engaged in a verbal and

physical altercation with a MSP correctional officer.  Defendants Hall, Douglas, Redden,

Lach, Bolden, Rushin, and Wimbush, members of the Correctional Emergency Response

Team ("Defendant CERT Officers"), responded to the incident.   Defendant CERT

---

[2] The Government did not participate in this hearing as it had not yet moved this Court to intervene.

Officers put Plaintiff in handcuffs and escorted him out of the room.  At this point in time, Plaintiff was "walking normally, on his own accord."[3]

Rather than escorting Plaintiff directly to the medical unit, as required under standard procedure, Defendant CERT Officers took Plaintiff to the MSP gymnasium, outside of video surveillance.  Therein, Defendant CERT Officers "intentionally-and repeatedly-hit[ ]" and battered Plaintiff  while he was handcuffed,[4] until he was "lying motionless on the ground."[5]  This use of force is an alleged accepted practice amongst MSP officials and orders for this type of force came from the Defendant CERT Officers' direct superiors, including Defendant Deputy Warden James Hinton and Defendant Captain Kevin Davis.[6]

After the incident, Defendant CERT Officers brought Plaintiff to the medical unit where he was nonresponsive to verbal commands and had an "altered mental status."[7] The medical unit diagnosed Plaintiff with several conditions, including gross deformity to the head and closed head trauma.  Ultimately after being transferred to several hospitals for immediate medical care, Plaintiff was diagnosed with, in part, acute brain injury and white matter changes in his brain.

---

[3] [Doc. 1 ¶ 15].
[4] *Id.* at ¶ 33.
[5] *Id.* at 58.
[6] *Id.*
[7] *Id.*

Exactly three months after Plaintiff filed the instant lawsuit, the Department of Justice ("DOJ") filed an Information against Defendant Redden relating to the allegations in Plaintiff's Complaint.[8]  The Information charged Redden with conspiracy to commit civil rights offenses under 18 U.S.C. § 371, stating that he and other unnamed CERT Officers "willfully combined, conspired, and agreed … to inflict cruel and unusual punishment on inmates by maliciously and sadistically beating them, in violation of 18 U.S.C. § 242."[9]  The plan and purpose of the conspiracy was to "punch, kick, and hit inmates for the sole purpose of punishing [them] for their prior assaults on other MSP officials."[10]  The Government lists nine overt acts in support of the conspiracy, four of which directly coincide with the allegations in Plaintiff's Complaint. Redden pleaded guilty to the Information the day it was filed.[11]

On July 13, 2012, Defendants filed the instant Motion to Stay Proceedings.  Since that time, Defendant Douglas and Emmett McKenzie, a MSP correctional officer who is not as a named Defendant in this civil action, have pleaded guilty to the same conspiracy charge as Redden as a result of the DOJ's investigation.[12]

---

[8] *United States v. Redden*, 5:12-cr-48-MTT-CHW, [Docs. 1, 4, & 5] (M.D. Ga. Aug. 15, 2012).

[9] *Redden*, 5:12-cr-48-MTT-CHW [Doc. 1 at 2].

[10] *Id.* [Doc. 1 at 2].

[11] The Court notes that the Georgia Bureau of Investigation also appears to have an open investigation into possible state criminal charges against Defendants.  However, at the Motion Hearing, it became clear that the DOJ's investigation was the primary criminal investigation.  Thus, the Court limits its analysis to the DOJ's investigation.

[12] *United States v. Douglass-Griffin*, 5:12-cr-57-MTT-CHW [Docs. 1, 4, & 5] (M.D. Ga. Aug. 15, 2012); *United States v. McKenzie*, 5:12-cr-85-MTT-CHW [Docs. 1, 4, & 5] (M.D. Ga. Oct. 24, 2012).

In its September 14, 2012 frivolity review under 42 U.S.C. § 1997(e), the Court reserved ruling on Defendants' Motion to Stay until after the parties filed their answers, submitted their proposed scheduling and discovery order, and the Court had held a hearing on the matter.  Since the Court's Order, Defendants have filed their answers in which they largely invoke the Fifth Amendment privilege against self-incrimination, and the parties have filed their proposed discovery order.  Additionally, Plaintiff recently filed a Motion for Partial Summary Judgment on his claim that Defendants Hall, Lach, Rushin, Wimbush, and Bolden failed to take reasonable steps to protect Plaintiff from excessive force.  The time for which Defendants have to respond to Plaintiff's Motion has not yet expired.

On December 4, 2012, the Court held a hearing on Defendant's Motion to Stay. Defendants updated the Court as to the status of the criminal proceedings and provided the Court with a December 3, 2012 letter from the DOJ indicating that the criminal investigation was ongoing and had resulted in three former MSP employees pleading guilty to criminal charges.  Plaintiff raised concerns about the unknown length of the investigation and proceedings and the indefinite nature of the requested stay.  Plaintiff also stated that Defendants could respond to his motion for partial summary judgment without interfering with their Fifth Amendment rights.

Additionally, Plaintiff expressed an interest in deposing Emmett McKenzie to obtain information that was not in the plea agreement.  Plaintiff requested that he be

allowed to depose McKenzie prior to the running of the statute of limitations period (December 16, 2012) in order to add additional defendants, if necessary.  Specifically, Plaintiff sought to depose McKenzie to obtain the identity of the supervisors to which McKenzie had reported the CERT Officer's use of force.  None of the Defendants objected to Plaintiff's deposition of McKenzie for this purpose, and the Court noted that if a stay were to be granted, Plaintiff's deposition for this limited purpose would be an exception.

Most recently on the evening of December 10, 2012, the DOJ filed a Motion to Intervene and Stay the Civil Case and Discovery [Doc. 73].  In part, the DOJ objects to Plaintiff's deposition of McKenzie, arguing that additional discovery would directly and adversely affect the government's criminal investigation.  At 3:35 a.m. the following morning, Plaintiff filed a response to the Motion, in which he meticulously undermines the authority relied on by the Government in support of its Motion.  Plaintiff also argued that the DOJ failed to demonstrate that it was entitled to intervene.[13]

### DISCUSSION

Defendants' Motion to Stay Proceedings

In their instant Motion to Stay, Defendants characterize the DOJ's investigation as active and ongoing and, as a result, request a stay for the duration of the federal

---

[13] The DOJ has represented to the Court's Deputy Clerk of Court that it will not be filing a Reply Brief to Plaintiff's Response.  Because the DOJ's position is largely consistent with Defendant's request for a stay, save for the deposition of McKenzie, and due to the interest in achieving a timely judicial resolution of this matter, the DOJ's Motion is ripe for review.

criminal investigation and proceedings.   In support, Defendants argue that participating in civil discovery would undermine their Fifth Amendment right against self-incrimination.   Suspicious of the apparent indefinite nature of the stay, Plaintiff argues that the criminal investigation is just that—an investigation—and is not a pending criminal case.   Plaintiff additionally contends that Defendant's request would be unduly prejudicial.

A district court has "broad discretion to stay proceedings…."[14]   However, "a court must stay a civil proceeding pending resolution of a related criminal prosecution only when 'special circumstances' so require in the 'interests of justice.'"[15]   Absent special circumstances, the mere existence of parallel criminal and civil proceedings does not compel a stay of the civil proceedings.[16]   A "court may deny a stay so long as the privilege's invocation does not compel an adverse judgment against the claimant."[17]

"Special circumstances" may be established where there is "record evidence for the criminal prosecution or [where] the criminal case … was unconstitutional or inappropriately instituted."[18]   District courts within the Eleventh Circuit have also considered the following factors in determining whether the interests of justice require a stay: (1) the extent to which the defendant's Fifth Amendment rights are implicated;

---

[14] *Clinton v. Jones*, 520 U.S. 681, 706 (1997).

[15] *United States v. Lot 5, Fox Grove, Alachua Cnty. Fla.*, 23 F.3d 359, 364 (11th Cir. 1994) (quoting *United States v. Kordel*, 397 U.S. 1, 12 n.27 (1990)).

[16] *Id.*

[17] *Id.*

[18] *S.E.C. v. Wright*, 261 F. App'x 259, 263 (11th Cir. 2008).

(2) the interest of the plaintiff in proceeding expeditiously with this litigation and the potential prejudice to the plaintiff from delay; (3) the burden any particular aspect of the proceedings may impose on the defendant; (4) the efficient use of judicial resources; (5) the interests of persons not parties to the civil litigation; and (6) the interests of the public in the pending civil and criminal litigation.[19]   Additional factors include the extent the issues in the civil and criminal cases overlap,[20] and the status of the criminal case, including whether the defendant has been indicted.[21]   Finally, a district court should be "sensitive to the difference" between civil rules of discovery and those restrictions imposed by the criminal rules.[22]

Here, the Court finds that in the interest of justice, the special circumstances of the civil proceeding require a stay.   The instant action substantially (if not entirely) overlaps with the ongoing federal criminal investigation and resulting criminal charges. Two of the nine Defendants have pleaded guilty to federal charges of conspiracy to

---

[19] *S.E.C v. Healthsouth Corp.*, 261 F. Supp. 2d 1298, 1326 (N.D. Ala. 2003); *Scheurman v. City of Huntsville, Ala.*, 373 F. Supp. 2d 1251, 1257 (N.D. Ala. 2005); *see Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324-25 (9th Cir. 1995).

[20] *Healthsource*, 261 F. Supp. 2d at 1326 ("The degree to which the issues in the simultaneous civil and criminal proceedings overlap is the most important threshold issue in deciding whether the court should stay the civil proceeding.").

[21] *Walsh Secs., Inc. v. Cristo Prop. Man., Ltd.*, 7 F. Supp. 2d 523, 526-27 (D. N.J. 1998).

[22] *Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962) ("A litigant should not be allowed to make use of the liberal discovery procedures applicable to a civil suit as a dodge to avoid the restrictions on criminal discovery and thereby obtain documents he would not otherwise be entitled to for use in his criminal suit.").   See *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

inflict cruel and unusual punishment on Plaintiff, and the overt acts in the Information coincide with those alleged by Plaintiff in his Complaint.

Plaintiff's distinction between a criminal case and criminal investigation is certainly relevant; however, there appears to be little need, if any, for such a distinction in this case.  The record indicates that the DOJ is filing separate charges against Defendants throughout its investigation.   This pattern, in conjunction with the representation by the DOJ that their investigation is ongoing, leads the Court to conclude that the investigation will likely result in more charges being brought against some, if not all, of the remaining Defendants.[23]   Thus, in this case, the absence of pending criminal charges against the remaining Defendants does not necessarily warrant a denial of a stay.[24]

Moreover, Defendants' Fifth Amendment rights are plainly implicated.  Already, Defendants have invoked the Fifth Amendment in their answers, and the Court recognizes that any discovery in this action would largely result in the same repeated insistence.   Consequently, the Court is unable to affirmatively conclude that the invocation of the Fifth Amendment would not compel an adverse judgment against Defendants.  Alternatively, participating fully in civil discovery could cause irreparable harm and prejudice to Defendants in their criminal defenses.  Although the Court is

---

[23] *See Healthsouth*, 261 F. Supp. 2d at 1327 ("Although defendant … has not yet been indicted, no one has represented to the court that such indictment is anything but an eventuality.").
[24] *Id.* (granting stay where defendant had not yet been indicted but where criminal and civil cases overlapped and there were already guilty pleas arising out of the criminal investigation).

cognizant that Plaintiff's interest in an expeditious resolution of the case and the public's interest in the civil and criminal litigation weigh against issuing a stay, the Court concludes that these interests do not outweigh the great likelihood for prejudice to Defendants that would result from allowing this civil action to proceed. Accordingly, the Court finds that the interests of justice warrant a stay of this proceeding.

Notwithstanding this conclusion, Plaintiff's fear that a stay pending the resolution of the criminal proceedings would amount to one of an indefinite nature is a concern the Court finds to be entirely justified.  Importantly, the Court is cognizant of the Eleventh Circuit's admonition against granting stays of indefinite duration.[25]  Thus, with this consideration in mind, the Court enters a stay in this action for a duration of 120 days or until the resolution of the criminal proceedings, whichever is sooner.[26]  At the conclusion of 120 days, such stay will expire by its own terms.  Thirty (30) days prior to the expiration of such stay, the parties must file a joint status report regarding the status of the criminal proceedings and submit memoranda as to their respective

---

[25] *See e.g., Ortega Trujillo v. Conover & Co. Comm., Inc.*, 221 F.3d 1262, 1264 (11th Cir. 2000) (concluding that a stay is immoderate, and thus unlawful, if it is indefinite in scope).

[26] The limited exception granted at the hearing with regard to Emmett McKenzie's deposition and Plaintiff's request to proceed with his pending Motion for Partial Summary Judgment will be discussed below.

positions on whether any further stay should be issued.[27]  At that point, the Court will consider the parties' submissions and reassess the propriety of any further stay.[28]

<u>The DOJ's Motion to Intervene</u>

Based on the Court's decision to stay the proceedings and the Court's oral decision at the hearing to allow Plaintiff to depose McKenzie, the Court need only consider the DOJ's request to intervene solely for the purpose of preventing Plaintiff's deposition of McKenzie.    In its Motion, the DOJ seeks to intervene as a matter of right under Federal Rule of Civil Procedure 24(a) and, as an alternative, through permissive intervention under Rule 24(b).

Intervention is permitted as a matter of right when the moving party demonstrates that (1) its motion to intervene is timely; (2) it has an interest relating to the property or transaction that is the subject of the action; (3) it is so situated that disposition of the action, as a practical matter, may impair or impede its ability to protect that interest; and (4) the parties to the action inadequately represent that interest.[29]  All four elements of Rule 24(a) must be met before intervention of right will be permitted.[30]  Thus, a failure to prove any one of the elements requires a court to deny

---

[27] In the event of the conclusion of the criminal investigation and proceedings prior to the 120-day period, the parties must file a motion to lift stay and reopen the case within ten (10) days of receiving notice.

[28] *Trujillo*, 221 F.3d at 1264 n.3 (vacating a stay remaining in effect until the resolution of related proceedings indefinite in scope, despite the district court's requirement of status reports every three months, because the district court would not be guaranteed to reassess the propriety of the stay and could instead ignore the reports and leave the stay in effect).

[29] Fed. R. Civ. P. 24(a)(2).

[30] *Chiles v. Thornburgh*, 865 F.2d 1197, 1213–14 (11th Cir. 1989).

the motion.[31]   The asserted interest, furthermore, must be supported by a "direct, substantial and legally protectable interest in the proceedings."[32]   The proposed intervenor bears the burden of showing that the existing parties cannot adequately represent its interest.[33]

Alternatively, if a party cannot intervene as a matter of right, it may attempt to seek permissive intervention under subsection (b).  Rule 24(b) allows for permissive intervention where the motion is timely and the moving party has a "claim or defense that shares with the main action a common question of law or fact."[34]   Even when the requirements of Rule 24(b) are satisfied, it is in the court's sole discretion whether to allow intervention.[35]   The court considers whether the intervention would unduly delay proceedings or prejudice the adjudication of the original parties' rights.[36]

Here, the DOJ's interest appears to be its interest in prosecuting the criminal case and preserving the usefulness of McKenzie as a cooperating witness.  Absent from the Government's Motion, however, is any specificity as to how this interest would be impaired or impeded by Plaintiff's limited deposition of McKenzie.   Thus, the Government has failed to carry its burden in demonstrating how Plaintiff's limited discovery would impair or impede its interest.

---

[31] *Id.*
[32] *Purcell v. Bank Atl. Fin. Corp.*, 85 F.3d 1508, 1512 (11th Cir. 1996).
[33] *Fed. Savings & Loan Corp. v. Falls Chase Special Taxing Dist.*, 983 F.2d 211, 216 (11th Cir. 1993).
[34] Fed. R. Civ. P. 24(b).
[35] *Purcell*, 85 F.3d at 1513.
[36] *Id.*

Likewise, permissive intervention would unduly prejudice Plaintiff's right to adjudicate his case.  If the Court were to prohibit Plaintiff from deposing McKenzie for the purpose of obtaining the identity of potential defendants, Plaintiff would be barred by the statute of limitations to subsequently assert any claim against these individuals after the stay is lifted.[37]   Accordingly, the Court hereby denies the DOJ's Motion for Intervention pursuant to Rules 24(a) and (b).

<u>Plaintiff's Pending Motion for Partial Summary Judgment</u>

Lastly, the Court addresses Plaintiff's contention that Defendants Hall, Lach, Rushin, Wimbush, and Bolden can respond to his motion for partial summary judgment without violating their Fifth Amendment rights, despite the imposition of the stay.

In light of the instant stay, the Court refrains from now considering Plaintiff's motion.  Although Plaintiff is correct that the Fifth Amendment does not prohibit a court from drawing adverse inferences against parties to civil actions,[38] the Court concludes that considering Plaintiff's motion at this juncture would be an inefficient use of its resources.  Certain issues raised in Plaintiff's motion are also at the heart of Plaintiff's remaining claims, and thus, will undoubtedly be considered again at great

---

[37] The Court recognizes that Plaintiff may be entitled to statutory tolling, *see* O.C.G.A. § 9-3-99, but refrains from concluding that this provision would provide an absolute recourse for Plaintiff.

[38] *See United States v. A Single Family Residence & Real Prop. Located at 900 Rio Vista Blvd., Ft. Lauderdale*, 803 F.2d 625, 629 n.4 (11th Cir. 1986) (allowing court to draw adverse inferences against parties' refusal to testify in response to probative evidence offered against them).  In particular, Plaintiff requests that the Court draw negative inferences from Defendants' invocation of the Fifth Amendment to support evidence of Defendants' admissions to the Georgia Bureau of Investigation.

lengths by this Court after the termination of the stay and after the close of discovery. Therefore, ruling on his motion during the pendency of the stay would have the undesirable effect of piecemeal litigation and thwart any efforts at judicial efficiency.[39] Accordingly, Plaintiff's pending motion for partial summary judgment shall be denied without prejudice.

## CONCLUSION

Based on the foregoing, Defendants' Motion to Stay Proceedings [Doc. 42] is **GRANTED in part and DENIED in part**.  To the extent that Defendants request a stay of the civil proceedings, the Motion is **GRANTED**.  However, to the extent that Defendants move to stay the case until the resolution of the criminal proceedings, Defendants' request is **DENIED**.  This case shall be **STAYED for a duration of 120 days from the date of this Order or until the conclusion of the criminal proceedings, whichever is sooner.  Thirty (30) days prior to the expiration of such stay, the Parties shall file a joint status report regarding the status of the criminal proceedings and submit memoranda as to their respective positions on whether any further stay should issue**.[40]  However, this stay is **LIMITED:** Plaintiff is allowed to depose Emmett McKenzie for the express purpose of determining the identity of McKenzie's MSP supervisors mentioned in his plea agreement, and if necessary, to move the Court for

---

[39] *Tenn. Valley Auth. v. Westinghouse Elec. Co.*, 69 F.R.D. 5, 9 (E.D. Tenn. 1975) (denying motion for partial summary judgment in large part because "a court should avoid piecemeal litigation").

[40] In the event of the conclusion of the criminal investigation and proceedings prior to the 120-day period, the parties must file a motion to lift stay and reopen the case within ten (10) days of receiving notice.

permission to amend his complaint and add additional Defendant(s) so to comply with the statute of limitations.  In light of the instant ruling, the Government's Motion to Intervene [Doc. 73] and thus, its request to stay all civil discovery, is **DENIED**. Plaintiff's pending Motion for Partial Summary Judgment [Doc. 67] is **DENIED WITHOUT PREJUDICE**.

    **SO ORDERED,** this 11th day of December, 2012.

                      /s  C. Ashley Royal
                      C. ASHLEY ROYAL
                      UNITED STATES DISTRICT JUDGE

LMH/ssh